UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
v. )   No. 03-CR-10395-WGY
)
KRIS ST. ONGE )

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant submits this memorandum pursuant to the Court's Procedural Order providing that either counsel may submit a sentencing memorandum not less than three days before the sentencing hearing (February 17, 2005). Defendant urges the Court to impose a sentence of probation with such conditions as the Court deems necessary to ensure defendant's continued rehabilitation, including treatment for his addiction and mental disorder, and otherwise protect the public and promote respect for the law. Such conditions might include home confinement.

Booker v. United States

The Guidelines are now advisory. The Supreme Court concluded in Booker v. United States, __ U.S. __, 125 S. Ct. 738 (2005), that the Guidelines violated defendant's Sixth Amendment right to a jury trial by requiring a judge to find facts that mandated a longer sentence. The Court elected to remedy the constitutional problem by severing the two provisions of the Act that make the Guidelines mandatory, effectively rendering the Guidelines advisory. While the Court should still consider the Guidelines ranges, it may

"tailor the sentence in light of other statutory concerns, as well." Id. at 757. See United States v. Ziskind, 2005 WL 181881 (D.Mass. 2005).

Psychologist's Evaluation

The Court allowed counsel's motion to continue sentencing from December 14, 2004, in order to obtain an evaluation of defendant by a licensed psychologist. Counsel's concern regarding the defendant's mental and emotional health was shared by the Probation Office (Presentence Report, ¶70). The evaluation was performed by Bernice Kelly, Psy.D., M.S., R.N. Her report is attached hereto and incorporated herein by reference. Of course, the report should be considered in its entirety, but the following salient points support the imposition of a sentence of probation with conditions:

- Defendant was identified in the third grade as a Special Education student with Attention Deficit Hyperactivity Disorder, Dyslexia and visual perceptual deficits.

- Defendant's overall IQ is in the low average range

- A psychological evaluation of defendant when he was thirteen indicated a diagnosis of Adjustment Disorder of Adolescensce; the evaluator described defendant as "guilt ridden, self-critical and questionably self-defeating . . ."

- Dr. Kelly diagnosed defendant as suffering from a life long mental disorder characterized as "Dysthymic Disorder, Early Onset or chronic depression that has interfered with his ability to set realistic goals, mobilize energy and cope effectively with the many stressors in his life." The effects of this disorder are compounded by his learning disability, limited intellectual resources and deficits in language expression.

- In Dr. Kelly's opinion, the defendant's substance abuse and his criminal acts were the product of major depressive symptoms superimposed on

chronic Dysthymic Disorder, with the precipitating event being the sudden death of his girl friend and a pathological grief reaction.

- In Dr. Kelly's opinion, defendant does not manifest the behavioral traits associated with a antisocial personality disorder and does not appear to be prone to criminal behavior; he is a low risk for future violence; he is a good candidate for rehabilitation and at low risk for recidivism.

- Since his arrest, defendant has stayed substance-free, participated in substance abuse treatment, maintained employment and lived at home with his parents; he spends much of his free time caring for his disabled brother

Sentence Determination

Under traditional sentencing criteria, the defendant is a good candidate for probation. He readily acknowledged his guilt and has genuine remorse for his crime. According to Dr. Kelly, is unlikely to offend again. He has been steadily and gainfully employed for the past ten years (Presentence Report ¶¶ 86, 87, 94).

Defendant has made extraordinary efforts at rehabilitation. He successfully completed the Catholic Charities treatment program from April 11, 2001 through April 16, 2001. While in the program, he participated in counseling sessions and treatment planning and attended AA and NA meetings and educational discussion groups. Upon discharge, he was described as stable, with a good attitude. For the past three years, defendant has successfully participated in methadone treatment at Habit Management, Inc. He has been compliant with all pretrial conditions. (Presentence Report, ¶¶ 80A and 83).

At his core, the defendant is a decent man, devoted to his family. For example, his brother, Rick, suffers from heart problems and seizures and Rick's wife holds two jobs to keep the family financially afloat. For the past four years, the

defendant has stayed with and cared for his brother every night after work until his sister-in-law returned from her night job.

To the extent the Court relies in an advisory capacity on the Sentencing Guidelines, defendant's situation would seem to fit within the parameters of the policy statement on departures expressed in section 5K2.13:

> A sentence below the applicable guideline range may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

> However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

As Dr. Kelly notes, defendant's drug dependency and criminal acts were the result of his mental disorders. See United States v. Skodnek, 933 F. Supp. 1108 (D.Mass. 1996)(Downward departure could be warranted based on diminished capacity where there is evidence of major depressive and personality disorders). He is unlikely to engage in future criminal behavior, and is at low risk for violent behavior. He has no prior convictions (Presentence Report ¶ 40). There is no need to incarcerate him in order to protect the public.

4

## CONCLUSION

The Defendant is an appropriate candidate for a sentence of probation with conditions.

Respectfully submitted
By his attorney,

Robert F. Muse
101 Tremont St., Suite 615
Boston, MA 02108
(617) 542-6081

Date: February 11, 2005

### Certificate of Service

I hereby certify that a copy of this Memorandum was served on AUSA Seth P. Berman, U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, and Probation Officer Stephanie K. Henshaw, U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, this 11th day of February, 2005.

Robert F. Muse

5